UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


**Patricia Murdy**

    **v.**                                          Case No. 05-cv-174-PB
                                              Opinion No. 2006 DNH 148
**Nashua School District**


                          **MEMORANDUM AND ORDER**

　　Patricia Murdy brings this suit against her former employer, Nashua School District, alleging age discrimination (Count I), wrongful/constructive discharge (Count II), breach of contract (Count III), and breach of good faith and fair dealing (Count IV).  Murdy bases her claims on defendant's decision to assign her to a non-preferential course schedule despite her 31 years of teaching in the Nashua School District.  The parties have agreed to dismiss Counts III and IV.  For the reasons set forth below, I deny defendant's motion for summary judgment with respect to Count I and grant it with respect to Count II.


                           **I.   BACKGROUND**

　　Murdy was 55 years old in the fall of 2003.  She began teaching for the Nashua School District in September 1971.  From

1971 through 1995, Murdy taught general business courses at the high school level. In 1981, she began teaching accounting and went on to enhance and improve the District's business course offerings.

In June 1995, still one of the least senior business teachers, the District "pink slipped" her out of the business department and into the health department. Murdy had some prior experience in health and took additional classes to earn a health teaching certificate. Murdy taught health classes for the next seven years, serving as department-head for five.

In April 2002, the District granted Murdy's request to return to the business department and assigned her to teach two health classes, two desktop publishing (graphics) classes and six introduction to computers classes. Murdy had no experience in graphics and had to teach both graphics and computers without instructional materials, properly functioning computers, or support from the administration for one semester. When she finally received one set of 25 textbooks for the second semester, she had to carry all 25 books from class to class in a hallway full of students.

Murdy preferred teaching accounting classes because they were high level courses, students were motivated and tended to continue on to college, and parents were generally more involved. The computer courses she had instead been assigned were generally considered less desirable classes.

In April 2003, Murdy learned that Department Chairman, Marshall Derry, had discussed schedule requests with other business teachers for the forthcoming year, but not with her. Defendant had offered six accounting classes to 36-year-old Kathryn Tremblay and 45-year-old Michele Bolton, even though they each had only two years of teaching experience. Both Tremblay and Bolton declined the offers. When Murdy later pulled Derry aside to request the accounting classes, Derry informed her that he had no business schedule for her because he had assumed that she would be returning to the health department. Believing she would again end up with what she perceived as an undesirable course schedule, Murdy became upset and physically ill.

Murdy subsequently made several more requests for the accounting schedule and filed a grievance with then-Principal Patrick Corbin. Corbin and Associate Principal Timothy Kelley explained that they were keeping desirable courses open for

younger teachers and a yet-to-be-named new hiree.  They said they could not give a new or young[1] teacher a homogenous, undesirable schedule because it would cause them to leave the school district for other more desirable jobs.  Corbin also repeatedly referred to veteran teachers as "gray hairs" during regular staff meetings.  Upon receipt of an e-mail from Corbin in May 2003 explaining his reason for keeping the accounting positions open, Murdy became physically ill and was taken by ambulance to the hospital where she stayed overnight.

    In June 2003, defendant hired 26-year-old Corey Laird as a continuing substitute teacher and assigned him the six accounting classes Murdy had requested.  Murdy filed a grievance about her schedule.  In response she received two of the accounting classes originally assigned to Laird.

    In June 2004, Murdy again requested accounting classes.  Despite her request, defendant assigned her to teach eight introduction to computer classes for the 2004-05 school year.  For the same period, defendant assigned six accounting classes to 36-year-old Tremblay, one to 28-year-old Blossom Dodge (new to

---

[1] Defendant claims that by "young" it meant "less experienced."  See Corbin deposition at pg. 63.

the District), and a full schedule of accounting classes to 52-year-old Paul Pollard (an experienced, qualified teacher).

Murdy became depressed and suffered several anxiety attacks, which she and her therapist credited to her work situation. Convinced the same problems would continue in 2005-06, she resigned on or about February 1, 2005.

## II.  **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, I construe the evidence in the light most favorable to the nonmovant. Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986). Once the moving party has met its burden, the burden shifts to the adverse party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996).

### III.  ANALYSIS

#### A.  Age Discrimination

Murdy alleges in Count I that the defendant discriminated against her based on her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.*, and the New Hampshire Law Against Discrimination, N.H. Rev. Stat. Ann. ("RSA") § 354-A.[2] As a prima facie element of either claim, Murdy must prove that she suffered an adverse employment action. See Cordero-Soto v. Island Finance, Inc., 418 F.3d 114, 119 (1st

---

[2] On the face of her complaint, Murdy also asserts that defendant violated Title VII, which prohibits employment discrimination on the basis of race, color, religion, sex and national origin. Because Title VII is plainly inapplicable here and because both parties concede as much by addressing only age discrimination in Count I, I construe Count I to allege only ADEA and RSA § 354-A violations.

Cir. 2005); In re Seacoast Fire Equip. Co., 146 N.H. 605, 608 (2001) (stating that New Hampshire courts apply same burden shifting analysis and prima facie standard to discrimination actions brought under § 354-A as they do to federal discrimination actions). The parties dispute at length whether she has made such a showing here.

Defendant argues that a failure to obtain a desired course schedule does not constitute a material adverse employment action where the employee otherwise maintained the same duties, salary and benefits. Murdy contends that her non-preferential course assignment was a material adverse employment action because it effectively denied her promotions, subjected her to physically and emotionally more demanding course assignments, and ultimately constituted a constructive discharge. I decline to grant defendant's motion for summary judgment because facts that are material to this issue remain in genuine dispute.

**B.     Constructive/Wrongful Termination**

Murdy contends in Count II that defendant constructively and wrongfully terminated her in violation of law. Specifically, she claims that she was forced to resist because defendant's actions

constituted severe and pervasive harassment, based upon her age, that no reasonable person would be expected to endure.  Complaint at ¶¶ 53-57.  Defendant argues that Murdy's common law claim is precluded because Congress and the New Hampshire legislature intended to supplant such causes of action with relevant statutory remedies.  In response, Murdy claims that the mere existence of an available statutory scheme does not preclude her wrongful termination claim.  I agree with defendant.

Under New Hampshire law, a plaintiff "may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action."  <u>Wenners v. Great State Beverages, Inc.</u>, 140 N.H. 100, 103 (1995); <u>Howard v. Dorr Woolen Co.</u>, 120 N.H. 295, 297-98 (1980).  Such legislative intent is apparent where a statute provides a remedy for its violations and sets forth procedures for pursuing such action.  <u>Id.</u>  The ADEA and RSA §354-A codify the public policy against age-based discrimination, create private rights of action to remedy violations of that policy, and establish mature procedures for pursuing such an action.  <u>See</u> 29 U.S.C. § 626(c)(1)-(2); RSA § 354-A:21-a, 22.  Thus, the existence of these remedies precludes Murdy from asserting a common law claim for wrongful discharge

based on alleged age discrimination here.  See, e.g., Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 429 (1st Cir. 1996)(holding Title VII private right of action precluded plaintiff from asserting gender-based wrongful discharge claim); Howard, 120 N.H. at 297-98 (holding RSA § 354-A private cause of action precluded plaintiff from asserting age-based wrongful termination claim).  Accordingly, I grant defendant's motion for summary judgment on Count II.

## IV.   CONCLUSION

For the reasons stated, defendant's Motion for Summary Judgment (Document No. 18) is denied with respect to Count I and granted with respect to Count II.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 19, 2006

cc:   Leslie H. Johnson, Esq.
      Mark T. Broth, Esq.